On respondent's petition for attorney fees filed October 24, 1997, attorney fees awarded April 1, 1998

MASONRY INDUSTRY TRUST
ADMINISTRATION, INC.,
an Oregon corporation,
*Appellant,*

*v.*

WOODBURN MASONRY, INC.,
an Oregon corporation,
*Respondent.*

(9606-04498; CA A95661)

956 P2d 1045

Gordon L. Osaka and Williams, Zografos & Peck for petition.

Bradley L. Middleton, *contra.*

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

**WARREN, P. J.**

We affirmed the underlying appeal in this case without opinion, *Masonry Industry Trust Admin. v. Woodburn Masonry*, 150 Or App 598, 946 P2d 370 (1997). Woodburn Masonry, Inc. (Woodburn), seeks attorney fees and sanctions against Masonry Industry Trust Administration, Inc., (the Trust), and its attorney. Woodburn asserts that attorney fees and sanctions are appropriate pursuant to ORCP 17 C, adopted by this court through ORAP 1.40(3). Alternatively, Woodburn seeks attorney fees pursuant to ORS 20.105(1) or pursuant to a contract between the parties. We deny without discussion Woodburn's request for sanctions but grant attorney fees pursuant to contract.

Woodburn paid contributions to the Trust pursuant to a collective bargaining agreement with its employees' union. The Trust discovered, through an audit in 1989, that Woodburn had been erroneously calculating the hours on which it based its contributions and therefore was underpaying the Trust. The Trust sued in federal court, which awarded the Trust $54,866.68.

On December 19, 1995, Woodburn fully satisfied the judgment by tendering a check to the Trust, which was deposited. On February 7, 1996, the federal court entered judgment for $40,805.83 in favor of the Trust for attorney fees and costs. The Trust had requested $64,179.21. On March 7, 1996, Woodburn tendered a check for the full amount of attorney fees and costs awarded to the Trust. However, the Trust refused to deposit the check. The Trust had initiated a Ninth Circuit appeal on that same day seeking, *inter alia*, an increase in its attorney fee and costs award, and it feared that accepting the payment might waive its right to appeal the amount of the attorney fees and costs judgment.

On June 14, 1996, the Trust attempted to transfer the federal court judgment to state court by placing it on the docket of the Multnomah County Circuit Court for the purposes of executing on it. Woodburn objected, arguing that the judgment had been fully satisfied by its tendering of the check to the Trust. After hearing Woodburn's objection, the court ordered the parties to execute a full satisfaction of the

judgment that explicitly reserved the Trust's rights of appeal. Thereafter, the Trust deposited the check but initiated an appeal to this court, arguing that the circuit court did not have the authority to enter the order it did. On October 15, 1997, this court affirmed the Trust's appeal without opinion.

The collective bargaining contract between the parties provides, in part:

> "*Section 5.6. Legal Processing.* In case of the failure of any employer within the time provided to make required contributions to the Trust Fund or to file accurate Employer contribution reports, the Board of Trustees may take necessary legal action to collect such withheld contributions, interest, liquidated damages, reasonable audit fees, *reasonable attorneys fees incurred prior to trial, at trial or on appeal,* any costs of such action or suit and any damages incurred by the Fund.

> "\* \* \* \* \*

> "*Section 5.9. Attorney Fees.* In the event an attorney is utilized to collect delinquent payments, liquidated damages, interest, audit fees or attorney's fees, or other money due the Trust Fund, or to compel the filing of reports, or to compel an audit, the Employer shall be liable for reasonable attorneys fees, court costs, and all other reasonable expenses incurred by the Fund, whether or not formal legal proceedings are instituted. In the event that formal proceedings are instituted, *the Trust shall also be entitled to its attorneys fees incurred in any appeal.*" (Emphasis supplied.)

Although the contract speaks only to attorney fees incurred by the Trust, Woodburn argues that those sections are made reciprocal pursuant to ORS 20.096(1). We agree. ORS 20.096(1) provides:

> "In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

As the prevailing party, Woodburn is granted the reasonable amount of $4,501.50 in attorney fees.

Attorney fees in the amount of $4,501.50 awarded to respondent.